FILED'07 SEP 06 13:59USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VERNON BANTA,

    Plaintiff,

    v.

CITY OF MERRILL, Oregon, a municipality of
the State of Oregon; JULIE SMITH, individually
and as the Police Commissioner of the City of
Merrill, Oregon

    Defendants.

Civil No. 06-3003-CL

ORDER ON POST-TRIAL MOTIONS

CLARKE, Magistrate Judge:

Following a jury trial in this case, the jury returned a verdict in favor of plaintiff on his claims for failure to pay overtime under the Federal Labor Standards Act (FLSA), awarding $20,856.00 in damages; and wrongful discharge, awarding $100,000.00 in economic damages and $100,000.00 in noneconomic damages; and in favor of defendant City of Merrill on plaintiff's Age Discrimination in Employment Act claim, and his claim for unpaid wages under Oregon state statutes (#69). As to plaintiff's state claim for age discrimination in violation of statute which was tried to the Court, the Court found that defendant City of Merrill did not

Order on Post-Trial Motions - 1

violate ORS 659A.030 (#73).

At the conclusion of the jury trial, plaintiff moved for an award of liquidated damages in the amount of $20,856.00 under the FLSA and for attorney's fees. Defendant moved to cap damages pursuant to Oregon law.

**<u>Plaintiff's motion for liquidated damages</u>**

29 U.S.C. § 216(b) provides in pertinent part that any employer who violates section 206, relating to minimum wage, or 207, relating to maximum hours, "shall be liable" to the employee in the amount of unpaid overtime compensation, "and in an additional equal amount as liquidated damages." An award of liquidated damages under the FLSA "'represent[s] compensation, and not a penalty. Double damages are the norm, single damages the exception.'" <u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908, 920 (9th Cir. 2003) (quoting <u>Local 246 Util. Workers Union v. S. Cal. Edison Co.</u>, 83 F.3d 292, 297 (9th Cir. 1996)). However, the court may deny or reduce an award of liquidated damages if the employer shows that, "'despite the failure to pay appropriate wages, the employer acted in subjective "good faith" and had objectively "reasonable grounds" for believing that the acts or omissions giving rise to the failure did not violate the FLSA.'" <u>Alvarez v. IPB, Inc.</u>, 339 F.3d 894, 909 (9th Cir. 2003) (quoting <u>Herman v. RSR Servs. Ltd.</u>, 172 F.3d 132, 142 (2d Cir. 1999)); <u>Local 246 Util. Workers Union v. S. Cal. Edison Co.</u>, 83 F.3d 292, 298 (9th Cir. 1996); 29 U.S.C. § 260. The burden on the employer to make such a showing is a "'difficult'" one and, absent a showing, an award of liquidated damages is mandatory. <u>Alvarez</u>, 339 F.3d at 910 (quoting <u>Herman</u>, 172 F.3d at 142); <u>Bratt v. County of Los Angeles</u>, 912 F.2d 1066, 1071 (9th Cir. 1990) (citing <u>EEOC v. First Citizens Bank</u>, 758 F.2d 397, 403 (9th Cir. 1985)). Further, a finding that the employer did not act with willfulness does not preclude

Order on Post-Trial Motions - 2

an award of liquidated damages. See Alvarez, 339 F.3d at 910 (citing Cox v. Brookshire Grocery Co., 919 F.2d 354, 357 (2d Cir. 1990)).

The Ninth Circuit has found that "'To satisfy the subjective "good faith" component, the [employer was] obligated to prove that [it] had "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it."'" Bratt, 912 F.2d at 1072 (citations omitted). The Ninth Circuit has indicated that "affirmative" steps by the employer are necessary to ensure compliance with the FLSA. Alvarez, 339 F.3d at 910 (no abuse of discretion by district court in awarding liquidated damages where employer offered "no evidence to show that it actively endeavored to ensure such compliance [with the FLSA]") (citing Herman, 172 F.3d at 142). It appears from the evidence at trial that defendant City did not allow plaintiff to take overtime because plaintiff was a "salaried" employee. However, defendant made no showing that it took any steps in an attempt to find out what the FLSA might require. See Chao, 346 F.3d at 920 (finding that employer's belief was legally insufficient as a good faith defense where it had not secured some objective authority or, at the least, sought advice on the legality of separating two entities for the purpose of calculating overtime; affirming award of liquidated damages) (and cases cited); Block v. City of Los Angeles, 253 F.3d 410, 420 (9th Cir. 2001) (summary judgment entitling employees to liquidated damages proper where employer City did not explain how or why it believed it was complying with the FLSA with respect to suspensions); cf. Serv. Employees Int'l Union v. County of San Diego, 60 F.3d 1346, 1355-56 (9th Cir. 1995) (reversing award of liquidated damages where employer relied on substantial legal authority as well as consultation with experts and the Department of Labor in an attempt to comply with the law) (and cases cited).

Because defendant City did not show that it took any steps to ascertain what the FLSA

Order on Post-Trial Motions - 3

required in plaintiff's situation, the Court finds that defendant has not met its burden of showing that it acted in good faith and, therefore, its good faith defense fails. Accordingly, an award of liquidated damages is mandatory. Plaintiff's motion for liquidated damages is granted.

**Plaintiff's motion for attorney fees**

Plaintiff also moves for an award of attorney's fees. Pursuant to 29 U.S.C. § 216(b), the court "shall" in addition to any judgment awarded allow a reasonable attorney's fees "to be paid by the defendant," and costs of the action. Plaintiff's motion for attorney's fees is granted.

**Defendant's motion to cap damages award**

As to the jury award of damages, defendant moves to reduce the award pursuant to a cap on damages under state law. Following trial, defendant informed the Court that it was seeking a cap under ORS 30.270(1)(b), and the attorneys informed the Court that they agreed that the cap is $200,000.00. Defendant also clarified that the cap applied only to plaintiff's state claim for wrongful discharge.

The Oregon Tort Claims Act (OTCA) provides for certain limits on liability of public bodies. ORS 30.270(1)(b) provides that the liability of any public body shall not exceed "$100,000 as to any claimant as general and special damages for all other claims arising out of a single accident or occurrence unless those damages exceed $100,000, in which case the claimant may recover additional special damages, but in no event shall the total award of special damages exceed $100,000." Here, the jury awarded $100,000.00 in economic damages and $100,000.00 in noneconomic damages, for a total of $200,000.00 in damages. For purposes of the OTCA, the Oregon Court of Appeals has found that "special" damages are the equivalent of "economic" damages. Neher v. Chartier, 142. Or. App. 534, 540 (1996) (citing Whitman-McCoy v. Dept. of

Order on Post-Trial Motions - 4

Corr., 132 Or. App. 45, 50 (1994) (general damages are noneconomic damages and special damages are economic damages)).

Here, the jury's award is within the limits provided by state statute and, therefore, no reduction of damages is necessary to meet the statutory limitation on the damages awarded on plaintiff's state claim. Defendant's motion for reduction of damages is denied.

## ORDER

Based on the foregoing, plaintiff's motions for liquidated damages is granted: plaintiff is awarded $20,856.00 in liquidated damages on plaintiff's FLSA claim, payable by defendant City of Merrill; plaintiff's motion for attorney's fees is granted: plaintiff shall submit his request for fees as allowed by law; and defendant's motion for reduction of damages on plaintiff's state claim for wrongful discharge is denied.

IT IS SO ORDERED.

DATED this ____ day of September, 2007

_____
Mark D. Clarke
United States Magistrate Judge