FILED'07 NOV 14 13:26USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VERNON BANTA,

    Plaintiff,

    v.

CITY OF MERRILL, Oregon, a municipality of
the State of Oregon; JULIE SMITH, individually
and as the Police Commissioner of the City of
Merrill, Oregon

    Defendants.

Civil No. 06-3003-CL

ORDER AWARDING
ATTORNEY'S FEES AND COSTS

CLARKE, Magistrate Judge:

    Plaintiff seeks attorney's fees and costs following entry of judgment in his favor on his claims for failure to pay overtime under the Fair Labor Standards Act (FLSA) and wrongful discharge, for which he was awarded the amount of $241,712.00, plus reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) (#69, #75). Plaintiff has submitted his request for attorney's fees as ordered (#77), and has filed a supplemental request for attorney's fees on the wrongful discharge claim pursuant to ORS 659A.885 (#83). Defendant objects to plaintiff's requests. The Court awards a reasonable attorney's fee of $35,423.00, and costs in the amount of $2,832.25.

//

Order Awarding Attorney's Fees and Costs - 1

## **LEGAL STANDARDS**

Generally, the starting point for determining a reasonable attorney's fee is the "lodestar" figure, which is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397 (9th Cir. 1993); <u>see</u> <u>Jones v. Giles</u>, 741 F.2d 245, 250 (9th Cir. 1984) (affirming award of attorney's fees under FLSA); <u>see also</u> <u>Comm'r of Internal Rev. v. Banks</u>, 543 U.S. 426, 438 (2005) ("In the federal system statutory fees are typically awarded by the court under the lodestar approach.") The lodestar figure presumptively represents a reasonable attorney's fee. <u>Gates</u>, 987 F.2d at 1397. In "rare" cases, upward or downward adjustments may be made to the lodestar figure for factors which are not deemed subsumed in the initial calculation. <u>Id.</u> at 1402. Factors which are to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or other circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Id.</u> at 1402 n.5 (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)). However, because certain factors are taken into account in calculating the lodestar, the Ninth Circuit has determined that such factors "'cannot serve as independent bases for adjusting fee awards.'" These factors include: "'(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained.'" <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir. 1988) (citing <u>Blum v.</u>

Order Awarding Attorney's Fees and Costs - 2

Stenson, 465 U.S. 886, 898-900 (1984)), vacated, 490 U.S. 1087 (1989), decision reinstated, 886 F.2d 235 (1989). In determining a reasonable fee award, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436.

Pursuant to Federal Rules of Civil Procedure 54(d), a federal court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987)), cert. denied, ___ U.S. ___, 126 S. Ct. 2932 (2006). The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. See Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995). The court may "deny costs to a prevailing party for reasons other than punishing misconduct." Kelley v. Sears, Roebuck, and Co., No. CV-01-1423-ST, 2004 WL 1824121, at *3 (D. Or. Aug. 10, 2004).

## DISCUSSION

**Attorneys' fees**

Under the FLSA, "a reasonable attorney's fee" shall be allowed. 29 U.S.C. § 216(b). Plaintiff seeks $44,278.75 in attorney's fees. He contends that, in addition to attorney's fees awarded by the Court under the FLSA, he is entitled to attorney's fees under ORS 659A.885(1) on his wrongful discharge claim. Plaintiff contends that all of his claims are interrelated and that the amount of fees requested is reasonable given the complexity and time involved. Defendant contends that plaintiff's damages award on his FLSA claim was a small percentage of what he sought on that claim, and that the fee records submitted do not segregate time spent on the FLSA claim from the remaining four claims, including the three claims on which plaintiff did not

prevail. Defendant objects to any award of attorney's fees under ORS 659A.885(1), contending that the statute provides no assistance to plaintiff. Defendant also contends that plaintiff is not entitled to the full fees requested by plaintiff because a significant issue on the wrongful discharge claim concerned defendant's contention that plaintiff was terminated for insubordination. Defendant asserts that plaintiff's recovery on the FLSA claim was a minimal part of the jury's award and that a significant reduction in the fees is warranted.

ORS 659A.885(1) provides that a reasonable attorney fee award may be made to a prevailing party "In any action under this subsection." Subsection (1) relates to civil actions which may be brought by a party claiming to be aggrieved "by an unlawful practice specified in subsection (2)" of section ORS 659A.885. Subsection (2) specifies certain statutes only; it does not include a common law action for wrongful discharge. Plaintiff, in fact, brought a claim under ORS 659A.030 for alleged age discrimination, which is one of the statutes specified in ORS 659A.885(2). Plaintiff was not successful on that claim (#73). The Court finds that ORS 659A.885(1) does not authorize an award of attorney fees to plaintiff on his wrongful discharge claim.

Here, the jury returned a verdict in favor of plaintiff on his claims for failure to pay overtime under the FLSA, awarding $20,856.00 in damages, and the Court awarded $20,856.00 in liquidated damages, for a total of $41,712.00 in damages on plaintiff's FLSA claim; and plaintiff was awarded $200,000.00 in damages on his wrongful discharge claim (#69, #75). Plaintiff was unsuccessful on his age discrimination claims brought under federal and state law, and his claim for unpaid wages under Oregon state statutes (#69, #73).

Following <u>Hensley</u>, the Ninth Circuit has developed a two-part analysis where plaintiff's

Order Awarding Attorney's Fees and Costs - 4

success is limited, as here:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986).

The Hensley Court held that, "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." 461 U.S. at 440; Thorne, 802 F.2d at 1141. Unrelated claims are "distinctly different" and based on different facts and legal theories, while related claims "involve a common core of facts or [are] based on related legal theories." Hensley, 461 U.S. at 434-35, 437 n.12; Thorne, 802 F.2d at 1141; Jeff D. v. Andrus, 899 F.2d 753, 765 (9th Cir. 1989). The Ninth Circuit applies a "course of conduct" benchmark to determine whether claims are related or unrelated: "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" Thorne, 802 F.2d at 1141 (citation omitted). Further, plaintiff may to be compensated for attorney's fees incurred for services even on unsuccessful claims that contribute to the ultimate victory in the lawsuit. Schwarz v. Secretary of Health and Human Services, 73 F.3d 895, 903 (9th Cir. 1995); Cabrales v. County of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991).

Order Awarding Attorney's Fees and Costs - 5

Plaintiff was successful on two claims and unsuccessful on three claims. The Court finds that two of the three claims on which plaintiff was unsuccessful – the federal age discrimination claim and the state age discrimination claim – were unrelated to plaintiff's two successful claims, which concerned a failure to pay overtime compensation. The Court also finds that plaintiff's unsuccessful state claim for unpaid wages was not unrelated to her successful claims relating to overtime pay. Further, the Court finds that plaintiff's two successful claims were related because they involved a common core of facts and course of conduct. Plaintiff's fee award must be reduced by any time spent on plaintiff's unrelated unsuccessful claims. Hensley, 461 U.S. at 435; Mockler v. Skipper, 942 F. Supp. 1364, 1368 (D. Or. 1996) (reduction for time spent on unsuccessful claims; although state claim had no fee-shifting statute, no reduction for lack of success on state claim because state claim based upon common core of facts and factually related to successful claims).

Plaintiff requests $44,278.75 in attorney's fees for legal services performed by attorney Becky Gallagher (119.35 hours at $225.00 per hour), attorney Rhonda J. Fenrich (50.90 hours at $200.00 per hour and 24.35 hours at $225.000 per hour), and attorney Lisa Maybee (7.85 hours at $225.00 per hour). Other than objecting to plaintiff's failure to break out fees that relate to plaintiff's FLSA claim, defendant does not object to the rates claimed or the hourly billings submitted by plaintiff.

The Court finds that the hourly rates of $225.00 and $220.00 claimed by plaintiff's attorneys are reasonable rates for attorneys of their background and experience in the Eugene area community.

The Court has reviewed the billings submitted by plaintiff and finds that the hours

Order Awarding Attorney's Fees and Costs - 6

claimed for the legal services performed by counsel appear reasonable and, therefore, no adjustment for billing judgment need be made.[1]  However, the Court is unable to segregate from the billings submitted the work performed on plaintiff's successful claims from work performed on the unrelated unsuccessful claims.

Plaintiff's unsuccessful claims constituted a small part of plaintiff's case presented at trial; the focus of plaintiff's claims was on the failure of defendant to pay him overtime compensation which he complained was due to him.  Plaintiff was successful on the claims which were the focus of the trial, resulting in an award of $241,712.00 in damages.  In the circumstances, the Court finds that a twenty percent reduction is a reasonable estimate of time that would have been spent on plaintiff's unsuccessful claims.

Reducing the hours by twenty percent to account for time spent on the unsuccessful claims results in 151.55 hours at $225.00 and 40.72 hours at $200.00; multiplying the reduced hours at the respective rates results in the amount of $35,423.00 as the lodestar figure. Considering the factors not subsumed in this lodestar calculation, it does not appear that any further adjustments are warranted, and plaintiff does not seek any upward adjustment.  With the adjustment made for the unsuccessful claims in the amount of $8,855.75, the Court finds that the resulting $35,423.00 figure is a fair and reasonable compensation for the work performed on plaintiff's successful claims.  See Hensley, 461 U.S. at 436-37; Schwarz, 73 F.3d at 904-05 & n.3 (and cases cited) [reduction in lodestar to exclude unrelated unsuccessful claims; trial court's approach of assuming twenty-five percent of hours expended on one successful claim of four

---

[1] The Court notes that counsel states in plaintiff's fee submission that, "the hours claimed are less than the actual time spent on the case." (Gallagher Decl. at 5.)

Order Awarding Attorney's Fees and Costs - 7

claims consistent with Hensley and Ninth Circuit law]; Harris v. Marhoefer, 24 F.3d 16, 18-19 (9th Cir. 1994) [reduction of lodestar figure by fifty percent for lack of success].

**Costs**

Plaintiff seeks $4,038.81 in expenses and $9,155.05 in expert witness fees. Defendant objects to expenses listed as "Other costs" on plaintiff's Bill of Costs and to the expert witness fees claimed. Plaintiff does not respond to defendant's arguments.

"Other costs"

In his cost bill, plaintiff claims $1,246.56 as "Other costs." As plaintiff appears to recognize in his cost bill, neither 28 U.S.C. § 1920 nor 28 U.S.C. § 1821 provides authority for the "Other costs" claimed – postage, meal expense, lodging expense, delivery expense, and mileage expense. 28 U.S.C. § 1821 provides for a subsistence allowance and travel allowance for witnesses in certain circumstances. However, plaintiff does not detail the meal expense, lodging expense, or mileage expense claimed as other costs; it appears that the travel costs of witnesses, in the amount of $316.44, are included in the cost bill as "Fees for witnesses." (See Pl. Ex. 2 at 1, 3.) Generally, the cost of travel of a party is not a recoverable cost.[2] Sorbo v. United Parcel Serv., 432 F.3d 1169, 1179-80 (10th Cir. 2005) (and cases cited); Bee v. Greaves, 910 F.2d 686, 690 (10th Cir. 1990) (travel of counsel); 10 Charles A. Wright et al., Federal Practice and Procedure §§ 2677, 2678 (1998); see Heverly v. Lewis, 99 F.R.D. 135, 136 (D. Nev. 1983). To the extent the travel expenses claimed relate to expenses of plaintiff, they are not recoverable costs. Plaintiff offers no authority for recovering the "Other costs" claimed.

---

[2] However, courts have found that 42 U.S.C. § 1988 allows out-of-pocket expenses normally charged to fee-paying clients as part of an attorney's fee award. Harris, 24 F.3d at 19-20; see Bee v. Greaves, 910 F.2d 686, 690 (10th Cir. 1990).

Order Awarding Attorney's Fees and Costs - 8

Accordingly, "Other costs" claimed by plaintiff are disallowed by the Court.

Expert witness fees

Plaintiff also claims $9,155.05 as expert witness fees. (Pl. Ex. 2 at 4.) The Ninth Circuit has stated that, "Absent 'express statutory authority' for shifting expert witness fees, reimbursement for such fees is limited by [28 U.S.C.] §§ 1821(b) and 1920(3)." Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002) (awarding expert witness fees in Americans with Disabilities Act case, where Act authorizes award of "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party, 42 U.S.C. § 12205 (relying on Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 439 (1987))); see Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995). In an FLSA case, the Seventh Circuit determined that the FLSA fee-shifting provision did not provide the express statutory authority required by Crawford for the recovery of expert witness fees. Bankston v. Illinois, 60 F.3d 1249, 1256-57 (7th Cir. 1995); Gray v. Phillips Petroleum Co., 971 F.2d 591, 591 n.1, 594-95 & n.7, 597 n.10 (10th Cir. 1992) (reversing award of expert witness fees made pursuant to § 216(b), Age Discrimination in Employment Act); Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 405 (5th Cir. 2002) (no express statutory authority in FLSA to award expert witness fees for other than court appointed witnesses). Plaintiff has not cited any authority in support of taxing the full amount of expert witness fees in this case.

Plaintiff claims expert witness fees for three experts. The record shows that only William Holmes testified at trial. Plaintiff is allowed $40.00 as an expert witness fee. See Bankston, 60 F.3d at 1257.

//

Order Awarding Attorney's Fees and Costs - 9

Itemized costs claimed

Plaintiff claims $2,792.25 in specified costs allowed by §§ 1920 and 1821. The Court has reviewed these costs and finds that they appear reasonable. These costs are allowed by the Court.

## ORDER

Based on the foregoing, plaintiff is awarded $35,423.00 as a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b), and $2,832.25 in taxable costs (#77, #83).

IT IS SO ORDERED.

DATED this ___ day of November, 2007

Mark D. Clarke
United States Magistrate Judge

Order Awarding Attorney's Fees and Costs - 10